UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FORREST MITTENDORF, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1691 JCH |
| | ) | |
| AL LUEBBERS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Mittendorf's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1]. Because the petition appeared to be barred by § 2254's one-year limitations period, on December 12, 2008, the Court ordered petitioner to show cause why his petition should not be dismissed.

In his response to the Court's Order, petitioner argues that he has been in treatment for mental illness for the better part of the last decade. Although significant mental impairment can be an extraordinary circumstance justifying equitable tolling of the AEDPA's statute of limitations, the issue is fact specific. See, e.g., Nichols v. Dormire, 11 Fed.Appx. 633, 634 (8th Cir. 2001). In a recent employment case, the United States Court of Appeals for the Eighth Circuit stated that "the standard for tolling due to mental illness is a high one." Lyons v. Potter, 521 F.3d 981, 983 (8th

Cir. 2008). The court further explained that "a plaintiff seeking equitable tolling on the ground of mental incapacity must come forward with evidence that a mental condition prevented him or her from understanding and managing his affairs generally and from complying with the deadline that he seeks to toll." Id.

Although petitioner has pleaded sufficient facts to overcome a pre-service dismissal of his petition for habeas corpus, in order for him to ultimately obtain equitable tolling of the statute, he will need to produce sufficient evidence, as stated by the Court in Lyons. In accordance with the aforementioned, the Court will order the following deadlines, which will provide for appropriate briefing in this case.

Accordingly,

**IT IS HEREBY ORDERED** that the following provisions shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

Respondent shall show cause, in writing and within forty-five (45) days of the date of this order, why the relief requested in the instant petition should not be granted.

In accordance with Rule 5(b) of the Rules Governing § 2254 Cases, respondent's answer shall address the merits of all grounds for relief alleged in the petition. In

addition, it must state whether any ground in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

**IT IS FURTHER ORDERED** that, if petitioner chooses to file a reply to respondent's answer to the petition, the reply shall be filed within sixty (60) days of the date the answer to the petition is filed. If petitioner fails to timely file a reply, the right to file such a reply shall be waived. See Rule 5(e) of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that the Clerk shall docket this petition as Forrest Mittendorf v. Al Luebbers.[1]

Dated this 7th Day of January, 2009.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner has named as respondent the State of Missouri. The proper respondent for a prisoner currently in custody pursuant to a state judgment is the state officer having custody of the applicant. See 28 U.S.C. § 2254, Rule 2(a). Al Luebbers, superintendent of the Farmington Correctional Center, is the proper respondent.